**HENDELBERG**
v.
**GOLDSTEIN et al.**
**No. 11751.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 2, 1953.

Decided March 11, 1954.

---

Washington, D. C., was on the brief, for appellant.

Mr. Hubert B. Pair, Washington, D. C., Assistant Corporation Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and Harry L. Walker, Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

This is an appeal from an order of the Board of Pharmacy of the District of Columbia. It is styled as above because, at the time of filing, Goldstein was chairman of the Board.

Isadore J. Hendelberg applied November 28, 1952, to the Board for renewal of a pharmacist's license formerly held by him which had expired October 31, 1947.[1] The Board treated the application as having been seasonably filed, but denied it December 31, 1952, because the applicant had been convicted December 9, 1952, of selling drugs illegally.

At a subsequent hearing before the Board, requested by Hendelberg, the evidence tended to show that, in addition to the conviction of December 9, 1952, the applicant had in recent years been convicted of three other offenses, including an assault upon a female. The Board concluded he was a person of immoral character and again refused to renew the long-expired license.

Mr. I. Irwin Bolotin, Washington, D. C., with whom Mr. M. Taft Woodruff,

---

1. The Board's brief erroneously referred to the date of expiration as October 31, 1950, apparently on the assumption that Hendelberg's license, which was originally issued April 2, 1935, through reciprocity with Maryland and which expired October 31, 1938, had been regularly renewed at three-year intervals, i. e., in November of 1941, 1944 and 1947. Twice during the first hearing before the Board the chairman stated to Hendelberg while the latter was on the stand that he had practiced without a license for three years.

The record certified to us contained no proof or finding as to when and how Hendelberg's license was first issued and as to when renewals had been applied for or granted. Because of this and other serious deficiencies in the record, we remanded the case to the Board for further hearing and for additional findings. A supplemental record now before us shows the Board found from undisputed evidence that license No. B—567 was originally issued to Hendelberg on April 2, 1935, that renewals thereof were issued November 1, 1938, June 10, 1942, and October 20, 1944, and that no subsequent renewal has been issued and none was applied for until November 28, 1952. It appears, therefore, that the last renewal expired October 31, 1947.

**430**

On this appeal, Hendelberg assails the renewal statute as unconstitutional, charges he was denied due process of law, and argues the evidence adduced at the hearing was inadmissible and also was insufficient to sustain the Board's decision.

We need not consider these contentions, for Hendelberg was much too late in applying for renewal of the license which expired October 31, 1947, and the Board was without authority to grant or even to entertain his application, made more than five years thereafter. This conclusion is required by the renewal statute, § 2–606, D.C.Code 1951, which is in pertinent part as follows:

"In the month of November of each year every licensed pharmacist * * * whose license * * * has been issued not less than three years prior to the first day of such month, shall apply to the Board of Pharmacy for the renewal of such license * * *. And said Board is hereby authorized * * * to renew such license * * * *in the month of November* for a period of three years from the 31st day of October immediately preceding the date thereof. And every license * * * not renewed *within the month of November* as aforesaid shall be void and of no effect unless and until renewed. * * *

"In the event the board shall fail or refuse to renew any license * * *within the month of November*, for which application has been made, it shall make written record of the reasons for such nonrenewal. Upon request of the person seeking renewal of his license * * * the Board shall grant a hearing, and the applicant shall have the right to be represented by counsel, introduce evidence, and examine and cross-examine witnesses. * * *." (Our emphasis.)

■ The statute clearly contemplates that a license be renewed in the month of November following its expiration on Oc-

tober 31. Not only is the pharmacist required to apply for renewal within the month after expiration, but also the Board is expressly authorized to grant renewal only during that month. If the Board should fail or refuse to grant, during the month following expiration, an application filed during that month, it must record the reason for such failure or refusal. When that is done, we think the Board may thereafter grant renewal upon such an application, since the statute provides that a license not renewed within the month of November following expiration is "void and of no effect *unless and until renewed.*" (Our emphasis.)

■ Some flexibility of action by the Board is of course desirable and, as we have indicated, seems to be permitted by the words "unless and until renewed" in the statutory phrase just quoted. Pressure of business might cause the Board to fail to act in November on certain applications, particularly those filed very late in the month; or it might refuse to act in November on a timely application because of need for further investigation, or for some other reason. Such failure or refusal to take action in November should not, and in our view does not, deprive the Board of authority later to grant a timelily filed application, the consideration of which has been deferred. But to preserve that authority, the Board must record in the November following expiration the reason for failing or refusing to act in that month.

■ With respect to the time when the pharmacist himself is to act, the language of § 2–606 is mandatory: he must apply for renewal during the month next after his license expires. The statute does not in terms or implicitly permit a later application. Whether in practical administration of the statute the Board may accept a tardily filed application when good cause for the delay is shown, and may grant renewal thereon, we are not now called upon to say. In no circumstances should the Board permit one who has practiced pharmacy illegally for

more than five years to apply for renewal of a license which for so long has been "void and of no effect". Authority to do so cannot be implied from the statute.

On November 28, 1952, when Hendelberg finally decided to legalize his professional status, the only avenue open to him was to apply for an original license, either under § 2–602, D.C.Code 1951, which provides for an examination, or under the reciprocity statute, § 2–604, if he had then been registered or licensed in some other jurisdiction not less than one year. He stipulated at the supplemental hearing that he did not apply under either of those sections, but for renewal under § 2–606. The informal letter written by Hendelberg to request renewal [2] could not have been treated as an application for an original license, since it did not contain the detailed information which must be submitted by an applicant under §§ 2–602 or 2–604. Certainly the Board did not so treat it.

We feel obliged to point out that the present case indicates a failure on the part of the Board of Pharmacy fully to understand its duties under this important statute. For example, the Board granted a renewal to Hendelberg on June 10, 1942, more than seven months after the previous renewal had expired on October 31, 1941. It granted another renewal October 20, 1944, several days before it was authorized to do so. Finally, the Board permitted Hendelberg to practice more than five years without legal authorization, and then entertained his application for renewal of his former license which had that long been void and of no effect.

The situation here disclosed is doubtless due to the Board members' difficulty in understanding the governing statutes, which are inaptly worded and confused by ambiguity and inconsistency and which, we think, should be replaced by an entirely new code. Be that as it may, the present act must be obeyed. We think it plain that literal enforcement of the renewal statute, § 2–606, D.C.Code, as construed in this opinion, would work no hardship on pharmacists and would protect the public from unauthorized practitioners.

This case will be remanded to the Board of Pharmacy with instructions to dismiss Hendelberg's application for renewal, dated November 28, 1952, as having been filed too late.

---

2. The original letter of November 28, 1952, has been lost from the Board's file and therefore is not a part of the record before us. The parties have stipulated, however, that it was substantially as follows:

"Enclosed please find my check for $3.00 for renewal of my license Number 567–B to practice pharmacy in the District of Columbia."