56

Claude N. NORTON, Petitioner,

v.

L. M. LEISERING et al., constituting the Board of Examiners and Registrars of Architects, Respondents.

No. 1813.

Municipal Court of Appeals for the District of Columbia.

Argued June 18, 1956.

Decided July 30, 1956.

Ford E. Young, Jr., Washington, D. C., for petitioner.

J. Hampton Baumgartner, Jr., Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondents.

Hubert B. Pair, Asst. Corp. Counsel, also entered an appearance for respondents.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Petitioner seeks review of action of the Board of Examiners and Registrars of Architects. His petition alleges that in 1925 the Board issued him a certificate of regis-

tration and that his certificate was revoked by the Board in December 1952. He claims that the action of the Board was arbitrary and unreasonable. The Board challenges the jurisdiction of this court to review its action. This requires determination of what action of the Board is reviewable by this court and also what in fact was the action of the Board in this case.

█ The Act of August 31, 1954, gave this court exclusive jurisdiction to review certain actions of certain administrative agencies of the District of Columbia. With respect to the Board of Examiners and Registrars of Architects the Act gave us power to review "any decision of the Board * * * annulling or revoking a certificate to practice architecture under the provisions of the Act of December 13, 1924, * * * as amended." [1] We have no power of review other than that expressly conferred by the statute and we think it is plain that the only decisions of the Board reviewable by us are those which annul or revoke a certificate.[2]

While the petitioner alleges that his certificate was revoked in 1952 (apparently he refers to action of the Board in December 1950 instead of December 1952) the record discloses that petitioner was issued a certificate in May 1925 which he renewed the following year, permitted to lapse in 1927, and took no further action with respect

thereto until 1950 when he applied for restoration of his certificate. In December 1950 the Board denied his application. From that time until 1955 petitioner at varying intervals requested reconsideration of his application. In January 1956 the Board again voted to deny restoration of registration.

█ It plainly appears from the record that the Board has never revoked petitioner's certificate. The fact is that although the law requires annual renewal of a certificate, petitioner having obtained a certificate in 1925 and renewed it in 1926 thereafter for a period of over twenty years took no steps to keep his registration current. There is an obvious difference between revoking an existing certificate and refusing to restore one which has not existed for many years.[3] We are not in accord with the assertion in the Board's brief that we have no jurisdiction over "the renewal procedure" of the Board. Under certain circumstances denial of a renewal could be tantamount to revocation.[4] Such, however, is not the case here.

Finding that the record shows no revocation of petitioner's certificate, we must hold that under the statute there is nothing for this court to review.

Petition dismissed for lack of jurisdiction.

1. Code 1951, Supp. III, § 11–772. This same power of review was formerly given to the United States Court of Appeals for the District of Columbia. Code 1951, § 2–1028.

2. Apparently annul and revoke are used synonymously because the statute creating the Board provided: "The proceedings for the annulment of registration (that is, the revocation of a certificate) shall be begun," etc. Code 1951, § 2–1028. This language appeared in the original Act of December 13, 1924, was

repeated in the amendment of May 29, 1928, and was left unchanged by the amendment of September 7, 1950.

3. Cf. Hendelberg v. Goldstein, 93 U.S.App. D.C. 395, 211 F.2d 428.

4. " * * *, I think there is no valid distinction between revocation and refusal to renew." Wilbur K. Miller, J., concurring in In re Carter, 89 U.S.App.D.C. 310, 324, 192 F.2d 15, 29, certiorari denied 342 U.S. 862, 72 S.Ct. 89, 96 L.Ed. 648. See also Minkoff v. Payne, 93 U.S. App.D.C. 123, 210 F.2d 689.